# 21483

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA



FILED
DEC 31 2007
TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

LARRY M. DAVENPORT,
        PLAINTIFF,

VS.      CIVIL ACTION NO: 2:07-0969

KANAWHA COUNTY BOARD OF EDUCATION,
RON Duerring, SUPERINTENDENT OF SCHOOLS
OF KANAWHA COUNTY, WEST VIRGINIA
                           DEFENDANTS

# COMPLAINT

**COMES NOW** Larry M. Davenport, by counsel, Michael T. Clifford and Barbara Harmon-Schamberger, and for his complaint against defendants Kanawha County Board of Education and Ron Duerring, states as follows:

1. Plaintiff, Larry M. Davenport (hereinafter "Plaintiff" or "Mr. Davenport") was at all times relevant and material hereto a bonafide citizen and resident of Kanawha County, West Virginia.

2. Defendant Kanawha County Board of Education is and was at all times relevant and material hereto a corporation created by West Virginia Statute with its principal place of business at Elizabeth Street, Charleston, West Virginia 25301.

3. The Kanawha County Board of Education is and was at all times relevant and material hereto a recipient of federal education funds and is subject to Title VII, 42 U.S.C. 2000e-5(f)(l), the Civil Rights Act of 1964, as amended

4. That Defendant Ronald Duerring is and was at all times relevant and material hereto a resident of Kanawha County, West Virginia and is employed by the Kanawha County Board of Education as Superintendent of its schools, was thereby imbued with state authority, and was subject to said Kanawha County Board of Education's control.

5. That collectively the Kanawha County School Board and Ronald Duerring are known hereafter as the "Defendants".

6. That Defendant Kanawha County School Board advertised in its June 2005 *Vacancy Hotline* a vacant teaching position at Riverside High School, "Itinerant Multi-categorical Resource" and gave a closing date for applications as June 22nd 2005.

7. The Plaintiff applied timely for the position in question and spoke directly to the Principal at the school who informed Plaintiff that he met the qualifications for the position.

8. That the Plaintiff is certified in the State of West Virginia by the Board of Education and maintained current professional licenses in the following Endorsements: Specific Learning Disabilities; Behavioral Disorders excluding Autism and Mentally Impaired-Mild-Moderate.

9. That the Plaintiff received a gubernatorial pardon in 2002 for a 1984 felony conviction for fraudulently receiving welfare benefits along with his wife and

child. (Plaintiff avers that he was periodically disabled from surgeries to his knees whilst attempting to substitute teach during periods of recovery).

10. That after speaking to the principal at Riverside, Plaintiff contacted Defendant Superintendent Ronald Duerring regarding his status for hire and Mr. Duerring informed him the Defendant, Kanawha County Board of Education did not hire persons who have felony records.

11. Defendants acknowledged in other proceedings that the Governor of West Virginia pardoned Mr. Davenport in 2002 for the prior 1984 felony wherein Mr. Davenport accepted responsibility and pled guilty.

12. Pursuant to the long held position of the Equal Employment Opportunity Commission, Plaintiff avers that the Defendants' practice of excluding individuals from employment on the basis of their conviction records has an adverse impact on Blacks and Hispanics in light of the showing that Blacks and Hispanics are convicted at a rate disproportionately greater than their representation in the population.

13. That further, in this particular case, Defendants cannot establish that their decision to not consider hiring Mr. Davenport was justified by business necessity. In particular, the Defendants appeared to exclude the fact that: (1) over 20 years had passed since the felony conviction and more importantly (2), the felony was pardoned and the record of the Plaintiff expunged by act of the Governor of West Virginia.

14. That based upon these facts and other evidence in the record, the United States Equal Employment Opportunity Commission, Pittsburgh Area Office,

in Charge No.: 530-2006-00134, found that it is more likely than not that the Plaintiff was denied hire to a teaching position because of his race, Black, in violation of Title VII of the Civil Rights Act of 1964.

15. On October 2nd, 2007, the Plaintiff received from the United States Department of Justice Civil Rights Division his "Notice of Right to Sue" the Defendants in this matter.

## JURISDICTION

16. Original jurisdiction is vested with the Court pursuant to the Fourteenth Amendment to the United States Constitution and 28 U.S.C. § 1331(a) and 42 U.S.C. 2000e et seq., over the causes of action herein alleged arising under the Constitution and laws of the United States, and the Court has supplemental jurisdiction over the remainder of the causes of action alleged pursuant to Article 3 of the United States Constitution and 28 U.S. §1367.

17. The Kanawha County Board of Education, its agents and employees, particularly, Ronald Duerring, engaged in a policy of invidious discrimination against the Plaintiff because of his race, Black, while acting under color of state law, which caused the Plaintiff to be deprived of his civil and constitutional rights guaranteed by the Fourteenth Amendment of the United States Constitution in violation of 42 U.S.C. §1983.

18. That the Kanawha County School Board and Ronald Duerring were at all times relevant and material hereto, clothed with and acting pursuant to power and authority created by and under color of State Law.

19. Defendant Ronald Duerring was and is a school official charged with the duty and obligation to lawfully execute the school laws of the United States, the State of West Virginia and to enforce and not obstruct all civil and constitutional rights and laws.

20. That under the Fourteenth Amendment of the United States' Constitution, Larry Davenport had a substantive due process right not to be discriminated against in his application for hire as a teacher.

21. That under the Fourteenth Amendment of the United States' Constitution, Larry Davenport had a right under the Equal Protection Clause to protection from discrimination against him by the Defendants because of his race and or prior conviction status.

22. That Larry Davenport's constitutional right to be free from state occasioned harm to his freedom and protection from a discriminatory application process, by school personnel, was repeatedly violated by the Defendants.

23. That at all times relevant and material hereto, Defendant Ronald Duerring was acting within the scope of his office in the discharge of his duties in his employment under the direction of the Kanawha County School Board.

24. As a direct and proximate result of the joint and several acts and or failure to act and negligence of the Defendants, Larry M. Davenport has suffered and will continue to suffer in the future, psychological trauma, severe emotional distress, mental anguish, depression, loss of self esteem, embarrassment, humiliation, ridicule, annoyance and inconvenience, disruption of his life,

social and familial relations, lost income and earning capacity, and loss of enjoyment of life.

**WHEREFORE**, Plaintiff, Larry M. Davenport, respectfully prays that this Honorable Court order judgment against all the defendants named herein, jointly and severally, in an amount in excess of this Court's jurisdiction minimum and as may be determined by a jury for compensation for the damages sustained as a result of defendants' actions referred to herein; pre-and-post judgment interest; costs, expenses, attorneys' fees and related professional expenses, compensatory and punitive damages, if applicable, all wage and benefit losses accrued and actual monetary costs to the Plaintiff; equitable and injunctive relief to insure and mandate that the Kanawha County School System abide by the requirements of the United States' Constitution and Federal Law and such further and other relief as justice may require.

**PLAINTIFF DEMANDS A JURY TRIAL.**

                                          **LARRY M. DAVENPORT, PLAINTIFF**
                                          **BY COUNSEL**

_/s/ Michael T. Clifford_

MICHAEL T. CLIFFORD, WVSBN 750
mclifherd@aol.com
BARBARA HARMON-SCHAMBERGER, WVSBN 7296
bschamberger1935@yahoo.com

723 Kanawha Boulevard East
Union Building, Suite 300
Charleston, WV 25301
304-720-7660
304-720-7753 fax



U.S. Department of Justice

Civil Rights Division

10/9/07
Received 10/9

Employment Litigation Section - PHB
950 Pennsylvania Avenue, N.W.
Washington, DC 20530
www.usdoj.gov/crt/emp/emphome.html

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

RJC:WBF:mdw
DJ 170-84-34

OCT 2 2007

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

Larry M. Davenport
Box 11
Handley, WV 25102

Re: Larry M. Davenport v. Kanawha County
Schools, EEOC No. 530-2006-00134

Dear Mr. Davenport:

It has been determined that the Department of Justice will not file suit on the above-referenced charge of discrimination that was referred to us by the Equal Employment Opportunity Commission (EEOC). This should not be taken to mean that the Department of Justice has made a judgment as to whether or not your charge is meritorious.

You are hereby notified that conciliation in this matter was unsuccessful by the EEOC. You are further notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent. If you choose to commence a civil action, such suit must be filed in the appropriate court within 90 days of your receipt of this Notice.

Therefore, you should consult an attorney of your own choosing at your earliest convenience. If you are unable to locate an attorney, you may wish to contact the EEOC, or apply to the appropriate court, since that court may appoint an attorney in appropriate circumstances under Section 706(f)(1) of Title VII, 42 U.S.C. 2000e-5(f)(1).

We are returning the files in this matter to EEOC's Pittsburgh Area Office. If you or your attorney have any questions concerning this matter or wish to inspect the investigative file, please feel free to address your inquiry to: Joseph M. Hardiman III, Director, EEOC, Liberty Center, 1001 Liberty Avenue, Suite 300, Pittsburgh, PA 15222-4187.

Sincerely,

Rena J. Comisac
Assistant Attorney General
Civil Rights Division

By: William B. Fenton
Deputy Chief
Employment Litigation Section

cc: James W. Withrow, Esq.
    Kanawha County Schools

The Charging Party stated he contacted Superintendent Ronald Duering regarding his status for hire and Mr. Duering informed him the Respondent did not hire persons who have felony records. Respondent acknowledges the Governor of West Virginia pardoned the Charging Party in 2002 for a prior 1984 felony wherein he pled guilty. To the best knowledge of the Commission, that conviction record has been expunged.

The Equal Employment Opportunity Commission has long held the position that an employer's policy or practice of excluding individuals from employment on the basis of their conviction records has an adverse impact on Blacks and Hispanics in light of the showing that they are convicted at a rate disproportionately greater than their representation in the population. In this particular case, the Respondent did not establish that its decision to not consider or hire the Charging Party was justified by business necessity. In particular, the Respondent appeared to exclude the fact that: 1) over 20 years passed since the felony conviction and more importantly, 2) the felony was pardoned and record expunged by act of the Governor of West Virginia.

Based on this analysis, I have determined that the evidence obtained during the investigation establishes that it is more likely than not that the Charging Party was denied hire to a teaching position because of his race, Black, in violation of Title VII of the Civil Rights Act of 1964.

Upon finding that there is reason to believe that violations have occurred, the Commission attempts to eliminate the alleged unlawful practices by informal methods of conciliation. Therefore, the Commission now invites the parties to join with it in reaching a just resolution of this matter. In this regard, conciliation of this matter has now begun. Please be advised that upon receipt of this finding, any reasonable offer to resolve this matter will be considered. The Commission is seeking an amount inclusive of the applicable cap to your organization($300,000) for compensatory and punitive damages per aggrieved individual; all wage and benefit losses accrued; and actual monetary costs incurred by the Charging Party. A Commission Representative will prepare a monetary demand with accruing losses; and if appropriate, attorney fees and costs which have accrued to date. If an offer has not been previously submitted, Respondent is requested to consider for acceptance, rejection, or proposing a counteroffer to the conciliation proposal which will be submitted on behalf of Charging Party and any other discovered aggrieved claimant.

Again, the Commission is postured to consider any reasonable offer during the conciliation process. The confidentiality provisions of Title VII and Commission Regulations apply to information obtained during conciliation.

If the Respondent declines to discuss settlement or when, for any other reason, a settlement acceptable to the Office Director is not obtained, the Director will inform the parties and advise them of the Court enforcement alternatives available to aggrieved parties and the United States Department of Justice.

On Behalf of the Commission:

06/13/07
Date

Joseph M. Hardiman III, Area Director



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Pittsburgh Area Office

Liberty Center
1001 Liberty Avenue, Suite 300
Pittsburgh, PA 15222-4187
(412) 644-3444
TTY (412) 644-2720
FAX (412) 644-2664

Larry M. Davenport
Box 11
Handley, WV 25102

Charging Party,

CHARGE NO.: 530-2006-00134

Kanawha County Schools
200 Elizabeth Street
Charleston, WV 25311

Respondent

## DETERMINATION

Under the authority vested in me by the Commission, I issue the following determination as to the merits of the above cited charge.

All requirements for coverage have been met. Charging Party alleged that Respondent discriminated against him because of his race, Black, by not considering or hiring him into a vacant posted teaching position in violation of Title VII of the Civil Rights Act of 1964, as amended (Title VII).

Respondent denied the allegations of discrimination and asserted that the Charging Party was not rehired as a result of previous concerns, and not as a result of his race. Specifically, the Respondent stated the Charging Party was employed by them for several years, prior to his felony conviction. During that time, there were several issues of concern. After his dismissal, the Charging Party worked for other boards of education.

The evidence of record establishes that the Respondent advertised in its June, 2005 **Vacancy Hotline**, a vacant teaching position at Riverside High School entitled "Itinerant Multi-categorical Resource". The closing date for applications was June 22, 2005. The Charging Party attests he applied timely for the position in question and spoke directly to the Principal at the school who informed him he met the qualifications for the position. Records establish the Charging Party is certified in the state of West Virginia by the Board of Education and maintained current professional licenses in the following Endorsements: Specific Learning Disabilities; Behavioral Disorders excluding Autism and Mentally Impaired -Mild -Moderate.